IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MRS. NFN MORRIS, § | | |
| Plaintiff, § | | |
| § | | |
| § | | |
| v. § | No. 3:23-cv-00180-B (BT) | |
| § | | |
| HOWARD HOSPITAL, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mrs. Morris initiated this *pro se* civil action by filing a complaint and a motion for leave to proceed *in forma pauperis* on January 24, 2023. The Court granted Morris leave to proceed in forma pauperis, but withheld issuance of process pending judicial screening. Ord. (ECF No. 6). For the reasons stated, the Court should dismiss this civil action under 28 U.S.C. § 1915(e)(2)(B) or, in the alternative, under Federal Rule of Civil Procedure 41(b).

I.

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is deemed frivolous when "it lacks an

1

arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A court can dismiss a claim as "factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Caldwell v. Raines*, 2022 WL 2209932, at *2 (N.D. Tex. June 21, 2022). A complaint is said to lack an arguable basis in the law when it relies on an "indisputably meritless legal theory." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *see also Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993) (a claim is frivolous if it lacks an arguable basis in law or in fact).

The Court liberally construes Morris's pleadings with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); Cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). But even under this liberal standard, Morris's case is frivolous and should be dismissed.

Morris appears to name Howard Hospital, MHMR Committee, and Van Insanity as defendants. Compl. 1-2. On her Civil Cover Sheet, Morris notes that the nature of suit is "Health Care/Pharmaceutical Personal Injury Product Liability." *Id.* at 2. But Morris's complaint is comprised entirely of incoherent thoughts, and the Court is unable to discern either a legal claim

2

or a factual basis for a legal claim. Morris fails to state what, if any, relief she seeks from this lawsuit. *See id.* at 1-2. Indeed, it is not clear what she seeks to achieve from this civil action.

Her complaint consists of nonsensical statements. For example, Morris states, "Under the Residence of Citizenship and all the Replyment [sic] of being." *Id.* at 1. She then seems to suggest that "Howard Hosiptail" in "Washington DC" "file[d] a case of slavery of the necessary clothing and mix pills." *Id.* Morris further states, "the moment of slavery meaning [sic] been lock-up in our state and having no ID. And president dinner Miss Morris can appear with proof of Committed Emergency Shelter Program[.]" *Id.* She also refers to "slavery of product liability, small date of Houston State, Indinnaia [sic] Revestitution [sic]." *Id.* In sum, Morris's civil action is frivolous, and the Court should dismiss her case under § 1915(e)(2)(B).

II.

In the alternative, the Court should dismiss this case under Federal Rule of Civil Procedure 41(b). Morris failed to provide a current mailing address or other contact information when she filed this civil action. Without any contact information, the Court cannot contact Morris regarding her case. Therefore, in the alternative, the Court should dismiss this case without prejudice under Rule 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

3

*Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

On Morris's complaint where she was asked to provide a mailing address, she wrote, "Dallas Can Room." Compl. 1. When this case was opened on January 24, 2023, the Court prepared Instructions to a Non-Prisoner *Pro Se* Plaintiff. (ECF No. 2 at 1.) However, Morris failed to provide the Court with a mailing address, and the Court was unable to forward her the Instructions. Without an address or any other contact information, the Court is unable to communicate with Morris about her case. And without a mailing address, the Court cannot send Morris a Magistrate Judge's Questionnaire (MJQ) to elicit information regarding this lawsuit and any potential legal claims. It cannot direct her to file an amended complaint to cure the deficiencies in her current pleading. By failing to provide the Court with a mailing address, Morris has failed to prosecute her lawsuit.

4

## Conclusion

The Court should DISMISS Mrs. Morris's civil action under 28 U.S.C. § 1915(e)(2)(B) as frivolous or, in the alternative, DISMISS it without prejudice under Rule 41(b) for failure to comply with a court order and failure to prosecute.

**SO RECOMMENDED**.

February 27, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).